IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 22, 2008 Session

# MANUFACTURERS ACCEPTANCE CORPORATION v. U.S. BANK NATIONAL ASSOCIATION

**Direct Appeal from the Chancery Court for Knox County**
**No. 162477-2    Hon. Daryl Fansler, Chancellor**

**No. E2008-00122-COA-R3-CV  - FILED NOVEMBER 14, 2008**

In this declaratory judgment action, the Trial Court granted defendant summary judgment on the issue of priority of liens on real property. On the Petition to Set Up a Lost Instrument, the Trial Court following an evidentiary hearing, held that defendant was entitled to set up the lost instrument by a copy of its original. On appeal, we affirm the Trial Court's decision in establishing the lost instrument, but vacate the summary judgment on the issue of the priority of liens and remand for trial on that issue.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed in Part, Vacated in Part and Remanded.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, J., and SHARON G. LEE, S.J.,  joined.

George W. Morton, Jr., and J. Myers Morton, Knoxville, Tennessee, for the appellant, Manufacturers Acceptance Corporation.

Michael S. Kelley and Edward C. Meade, Knoxville, Tennessee, for the appellee, U.S. Bank.

## OPINION

In this action plaintiff sought a declaratory judgment as to the priority of trust deeds on the same property, and defendant petitioned to set up a lost deed of trust. The suit involved defendant's unrecorded deed of trust on property owned by the debtors and  plaintiff's two recorded

deeds of trust on the same property. The suit was triggered when defendant sent plaintiff a notice of foreclosure on the debtor's property. This action sought a declaration that defendant's attempt to record a copy of its deed of trust was invalid and of no effect.

Plaintiff filed a Motion for Summary Judgment and defendant filed a Cross Motion for Summary Judgment as well. The Trial Court responded with a Memorandum Opinion and ruled that defendant's reliance on Tenn. Code Ann. § 24-8-101 did not set out the proper method for setting up a lost instrument, in that the copy of the 2000 deed of trust "was never made up as a lost instrument, and the only record lien on the property is the plaintiff's [lien]". The Court further ruled if defendant intended to raise equitable defenses, it should do so within thirty days of that date, but if defendant failed all issues would be resolved in favor of plaintiff. None of the issues covered in the Trial Court's decision are before this Court on appeal.

Defendant then amended its Answer, setting up several affirmative defenses, including the defense that plaintiff's deeds of trust were equitably subordinated to the indebtedness of the debtors due to actual, constructive or inquiry notice by plaintiff of a prior existing lien on the property. Subsequently, defendant filed a Motion for Summary Judgment on the theory that plaintiff had actual notice of defendant's deed of trust when it made its loans to the Debtors. Defendant relied on and produced various documents that plaintiff had produced in discovery to demonstrate that plaintiff had sufficient information to be put on "inquiry notice" of the 2000 mortgage before it made the two 2004 loans to the debtors. Defendant argued that armed with this information plaintiff had notice of the existing trust deeds prior to making its loans. Defendant accompanied its Motion for Summary Judgment with a Supplemental Statement of Material Facts Not In Dispute:

1. The Debtors represented to MAC at the time they applied for a loan that there were no deeds of trust encumbering the Summer Drive property.

2. During the loan application process the Debtors informed MAC of a prior loan secured by the property but stated that the prior debt had been fully satisfied and the deed of trust released.

3. The Debtors informed MAC that Mr. Browning had filed for bankruptcy in the past. Debtors further described to MAC the previous bankruptcy case wherein it was allegedly shown that their prior creditor, Litton Loans, had no deed of trust on the property at issue.

4. Debtors also represented to MAC that Browning's bankruptcy trustee advised the Debtors that there was no deed of trust on the Summer Drive property and that Browning therefore should dismiss his bankruptcy case.

5. The following documents were contained in MAC's loan file it kept on the Debtors and were introduced into evidence through MAC's responses to interrogatories and responses to request for production of documents:

> a. a copy of the first page of a motion that was ostensibly filed in Browning's Chapter 13 bankruptcy case to modify his Chapter 13 Plan;
>
> b. a copy of a certificate for dismissal, memorializing the dismissal of Browning's Chapter 13 case;
>
> c. a copy of Browning's credit report obtained by MAC at the time the Debtors applied for a loan with MAC.

6. The following documents filed in Browning's Eastern District of Tennessee bankruptcy case, *In re Browning*, No. 3:01-bk-3426 were obtained from the public record by US Bank and introduced in support of the Rule 56.03 statement:

> a. a bankruptcy schedule in which Browning listed the creditors holding secured claims at the time he filed for bankruptcy, including a debt to Litton's Loans secured by the Summer Drive property;
>
> b. Browning's Chapter 13 Plan;
>
> c. a complete copy of a motion to modify Browning's Chapter 13 Plan and claims filed by Browning and the trustee in his bankruptcy case on behalf of Litton Loans[1];
>
> d. a Modified Chapter 13 Plan; and
>
> e. An order approving Modified Plan.

Plaintiff's response admitted as true all of the statements of fact and admitted that all the documents attached to the statement were true and accurate, but further set forth the following additional facts that it contended were material and remained genuine issues for trial. Plaintiff supported its response with the affidavit of James P. Burns, its President, and its statement of contested issues of fact included:

1. The Debtor's credit report indicated possibly more than twenty separate indebtedness;

2. MAC acquired a title abstract prior to consummating the first loan transaction with Debtors that indicated no recorded deeds of trust;

---

[1] Litton Loans is the servicer of the US Bank Loan.

3.      MAC obtained the certificate of title of the mobile home placed on the property at issue with a prior lien released prior to consummating the first loan transaction with Debtors;

4.      MAC obtained the sworn testimony of the Debtors that no prior deeds of trust or lien existed on the property prior to consummating the first loan transaction;

5.      Debtors expressly stated in both MAC deeds of trust that "said premises are free from all encumbrances";

6.      MAC obtained sworn testimony of the Debtors listing all payments to creditors;

7.      MAC obtained a copy of a certificate for dismissal of Browning's Chapter 13 bankruptcy case indicating the case "may be dismissed" for Chapter 13 plan payment arrearage;

8.      Browning's motion to modify Chapter 13 plan indicated that the"debtor and counsel have examined the Register of Deed's Office for Knox County, Tennessee and there is absolutely no liens against the property;

9.      Debtor's applied to MAC for a second loan purporting to be secured by a second mortgage.

10.     MAC applied for and had their lien on the Debtor's trailer certificate of title;

11.     Prior to consummation of the second lone, MAC obtained debtor's representation MAC would receive a second mortgage.

12.     Prior to consummation of the second loan, debtors signed an agreement that, among other things, indicated that MAC would have to investigate the collateral that debtors were offering for collateral.

The affidavit of James P. Burns set out a history of the investigation he conducted prior to making the loans to the Debtors. Burns stated that "[i]n all loan situations, any lender must rely upon the priority of its liens or deeds of trust in order to receive repayment of loan proceeds. The procedures followed in both loan transactions met or exceeded what any lender in this community would do under same or similar circumstances." He concluded his affidavit by stating that "I am unaware of any other investigation that we could have done to undercover [sic] an unrecorded and lost deed of trust."

The Trial Court, in ruling on the Summary Judgment, held that defendant was entitled

to a judgment as a matter of law because plaintiff had actual (inquiry notice) of defendant's prior unrecorded deed of trust on the property at issue and was estopped from asserting an interest superior to that of defendant. The Court went on to state that it had taken as true defendant's statements that there was in fact a deed of trust executed on the property by the Debtors. However, it had not taken any action to supply the deed of trust by affidavit of loss as provided by Tenn. Code Ann. §24-8-101 or otherwise. The Court noted the Bank could do so in another proceeding or within this proceeding, and held that it could not declare the parties' rights absent additional proof of the lost instrument or by stipulation.

Defendant responding to the Court's Opinion, filed a Petition in this proceeding to substitute a copy of the deed of trust for the original so that the copy has the same legal force and effect as the original, and to permit defendant to record the copy with the Knox County Register of Deeds. Subsequently, the Trial Court held a trial to determine the remaining issues, and following the evidentiary hearing, held that it would not be equitable to deny defendant the right to set up the lost instrument on the evidence presented, and found that the copy of the trust deed submitted by defendant was a copy of the original deed and that it could be filed in the case and it substitute for and have all force and effect of the original deed of trust.

The issues on appeal are:

A. Was the Trial Court correct when it granted defendant's summary judgment and held that defendant's security interest in the property was senior to plaintiff's interests because plaintiff was on inquiry notice of the Bank's mortgage when it made its loans?

B. Did plaintiff fail to properly inquire as to whether the US Bank mortgage had been released when it had notice of it?

C. Was the Trial Court correct when it allowed defendant to establish a lost instrument?

D. Was defendant "reprehensibly negligent" when it failed to record the deed of trust and failed to establish a lost instrument pursuant to statute?

E. Did defendant have a legal duty to plaintiff regarding the recordation of the deed of trust?

F. Was the Trial Court correct when it allowed plaintiff to intervene in cause raised by the defendant's Cross-Complaint?

G. Should plaintiff pay the Bank's costs and attorney's fees associated with this appeal?

Summary judgments are appropriate only when the moving party demonstrates there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law. Tenn. R. Civ. P.56.03; *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993). When evaluating a motion for summary judgment, the Court should consider "(1) whether a *factual* dispute exists; (2) whether the disputed fact is *material* to the outcome of the case; and (3) whether the disputed fact creates a *genuine* issue for trial." *JWT, L.P. v. Printers Press, Inc.,* No. 01A01-9904-CH-00209, 1999 WL 704733 at * 1 (Tenn. Ct. App. Sep. 13, 1999). The evidence and all reasonable inferences are viewed in the light most favorable to the nonmoving party. *Byrd*, 847 S.W. 2d at 210-211.

As to the Petition to Set up a Lost Instrument, the Trial Court is afforded a presumption of correctness unless the preponderance of the evidence preponderates otherwise. Tenn. R. App. P. 13 (d); *Wright v. City of Knoxville,* 898 S.W.2d 177, 181 (Tenn. 1995). Procedurally as to the objection to "intervening" and the claims raised in plaintiff's Counter-Complaint, no motion to intervene was necessary in order to obtain intervention, because the parties involved were already parties to the original cause of action. The evidence does not preponderate against the Trial Court's allowing defendant to set up the Trust Deed under the lost instrument statute. *See* Tenn. Code Ann. § 24-8-101.

Plaintiff argues that defendant should have been precluded from setting up the lost deed of trust because it had failed to record the deed and the ineffective attempt to record a copy of the deed by filing an affidavit of lost instrument in the Knox County Register of Deeds office in 2004 constituted "reprehensible negligence". No case is cited to support this argument. [2]

We affirm the Trial Court on this issue.

On appeal, plaintiff takes issue with the Trial Court's holding that defendant's deed of trust had priority over the later executed deed of trust by plaintiff because it had prior notice of defendant's mortgage. Plaintiff argues that a genuine issue of material fact was raised on the issue of notice, but defendant counters that plaintiff had enough information regarding the existence of their mortgage to put it on inquiry notice, and actually trigger an inquiry into whether it had been released or still encumbered the property. Defendant points to a credit report showing that $67,875.00 was owed on the note. Plaintiff interprets the credit report as showing a zero balance on the debt. Defendant argues that the fact that the words "transferred or sold" and "real estate mortgage" appearing just below the reference to the debt in the credit report, equates to an explanation that it had been transferred or sold to another lender and the account was secured by real estate. Appellant then urges that plaintiff could have gleaned the information from the 2002 filing in the Browning bankruptcy case that Browning believed at least when he first filed a bankruptcy suit that he had a mortgage debt owing to Litton secured by the property. Combining this information

---

[2]At the trial level, MAC cited to Gibson's Suits In Chancery to support its argument that a party's "reprehensible negligence" can preclude a court's granting a motion to establish a lost instrument. *Also see, American Bank of Memphis v. Gardner,* 706 S.W.2d 639-643 (Tenn. Ct. App. 1985); (holding that the failure to record a trust deed does not constitute tortious conduct).

that the debt which was secured by real estate was transferred as sold and reference to Litton in the court papers, it argues that plaintiff should have deduced that Litton had acquired the mortgage.

Defendant also contends that plaintiff's reliance on the modified Chapter 13 plan that states "the lien of Litton's Loan upon completion of the plan is to be considered satisfied in full" was erroneous, because the Chapter 13 proceeding was dismissed when Browning failed to make payments that were required under Chapter 13. It further argues that plaintiff's belief that the credit report showed a zero balance for the debt established that the debt had been satisfied was erroneous, because the credit report was on Browning only and there was no evidence that plaintiff ever had a credit report on the other debtor, Call.

Plaintiff's president, James C. Burns, disagreed with the defendant's analysis leading to its conclusion that plaintiff should have reached following its investigation. Burns' affidavit stated that the procedures he followed, met or exceeded what any lender in the community would do under the same or similar circumstances, and he was unaware of any other investigation he could have done to uncover the unrecorded and lost deed of trust. He stated that according to standard lending practices, industry lenders do not generally share financial information as to indebtedness upon inquiry. It was his experience that had he made a call to Litton, as defendant contended he should have, he would not have been provided with information regarding the status of the debt.

We conclude plaintiff raised a genuine issue of material fact as to whether the factors US Bank enumerates that should have put plaintiff on notice were enough to put a "reasonably cautious and prudent" lender on notice to further investigate and ascertain the ultimate facts. The record establishes a dispute as to what a reasonable, cautious and prudent lender would have done under these circumstances. Accordingly, since the material facts are in dispute on this issue, we vacate the Trial Court's Judgment and remand to the Trial Court for a resolution of this issue at trial. *See, Tyndall v. Holbert*, No. W1999-02018-COA-R3-CV, 1999 WL 34793987 at *6 (Tenn. Ct. App. Dec. 15, 2999)(summary judgment reversed and case remanded when affidavits and deposition testimony set forth in support of defendant's motion for summary judgment and in opposition to the motion sufficiently established a genuine issue of material fact as to whether defendant had "inquiry notice").

Finally, defendant's request for attorney's fees pursuant to Tenn. Code Ann. § 27-1-122 is without merit.

In sum, we affirm the Trial Court's Order establishing the lost deed of trust, but vacate the summary judgment on the merits and remand for a trial on the remaining issue.

The cost of the appeal is assessed one-half to Manufacturers Acceptance Corporation, and one-half to US Bank Association.

HERSCHEL PICKENS FRANKS, P.J.